UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

BELTWAY 8 ASSOCIATES, LIMITED PARTNERSHIP     CASE NO. 11-10001
d/b/a WATERMARKE APARTMENTS

      DEBTOR                                             CHAPTER 11
******************************************************************************

## MOTION FOR AUTHORITY TO PAY EMPLOYEES' PRE-PETITION WAGES AND BENEFITS

Beltway 8 Associates, Limited Partnership, d/b/a Watermarke Apartments ("Watermarke" of "Debtor"), hereby moves the Court, pursuant to Section 105(a) of the Bankruptcy Code (the "Bankruptcy Code"), for entry of an order authorizing the Debtor to pay its employees' pre-petition wages, related expenses and benefits ("Motion"), and respectfully represents:

### Jurisdiction and Venue

1.

This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) and (O).

2.

The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(3), 507(a)(4) and 1114(e) of title 11 of the United States Code (as amended, the "Bankruptcy Code").

3.

Venue is proper in this district as the Debtor is a Louisiana limited partnership with its principal place of business in the Parish of East Baton Rouge.

## Background

4.

On January 3, 2011, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.

The Debtor owns and operates Watermarke Apartments ("Watermarke"), a 280 unit residential apartment complex located on approximately 15.6 acres in Houston, Texas.

## Relief Requested

6.

The Debtor employs approximately nine (9) employees, some of which are paid on an hourly rate, and others who receive a salary. All of the Debtor's employees are employed on a full-time basis. To minimize the personal hardship those employees will suffer if pre-petition employee-related obligations are not paid when due, and to maintain employees' morale at this critical time, the Debtor, by this Motion, seeks authority to pay certain pre-petition claims for, among other items, wages (including but not limited to salaries, bonuses and other compensation), accrued vacation, severance, sick or other paid leave, federal and state withholding taxes, payroll taxes, medical insurance, and all other employee benefits which the Debtor pays in the ordinary course (collectively, the "Employee Obligations").

## Basis for Relief

7.

The employees of the Debtor are paid bi-weekly, seven (7) days in arrears. As of the Petition Date, the Debtor will have one (1) payroll for wages earned prior to the Petition Date. The payrolls are for wages earned for the period of December 26, 2010, through January 7, 2011.

The total gross payroll for each pay period is approximately $16,000.00. The Debtor must pay FICA taxes within one (1) day of paying the payroll, and pay tax withholdings related to employee payroll as required by federal, state and/or local authorities. The Debtor also has accrued vacation obligations, and may have accrued sick and other paid leave obligations, all of which accrued pre-petition.

8.

The Debtor is also obligated to its employees for medical insurance and other employee benefits that were incurred pre-petition, some or all of which would have priority under 11 U.S.C. § 507(a)(5). These obligations may be in the form of payment to employee medical insurers or other payment or compensation of such benefits.

9.

The Debtor believes that in the event it is unable to pay its Employee Obligations to employees incurred pre-petition, when and as due, there is a strong likelihood that its ability to reorganize will be undermined. The Debtor further believes that the continuance of its current medical insurance and other employee benefit plans are critical to the continued loyalty of its employees. The continuation of such plans is essential to the compensation package for employees and is in the best interest of the Debtor.

10.

As a result of the Debtor's filing for relief under Chapter 11 of the Bankruptcy Code, in the absence of an order of this Court, any payroll checks or other benefit checks recently issued by the Debtor to its employees that have not previously cleared may be dishonored. To the extent that these checks are dishonored, each such employee would have an unsecured claim for wages, salaries or commissions, which, to the extent of $11,725.00, would constitute a priority claim pursuant to Section 507(a)(4) of the Code. Also, in the absence of an order of this Court,

the Debtor would not be able to issue checks post-petition for other employee benefits which accrued pre-petition but that had not been paid or submitted pre-petition.

11.

In order to retain its employees, prevent a decline in morale and a possible cessation of operations which would immediately abort the Debtor's rehabilitative efforts and cause irreparable harm to the estate and to its creditors, the Debtor moves the Court for authorization to pay its Employees Obligations immediately. Such payments will increase the likelihood of a greater return to creditors. In connection with payment of Employee Obligations and Reimbursable Expenses, the Debtor further requests that this Court authorize and direct the Debtor to keep all of its pre-petition payroll accounts open for at least twenty (20) days, so that there will be a minimum amount of disruption for employees.

12.

A memorandum in support of the Motion and proposed order granting the relief requested by the Motion have been submitted for consideration along with this Motion.

**Notice**

13.

Notice of this Motion has been given to the 20 Largest Unsecured Creditors, FST Watermarke, LLC, the Internal Revenue Service, the Office of the United States Trustee, and to the U.S. Attorney for the Middle District of Louisiana. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

**WHEREFORE**, for the foregoing reasons, the Debtor respectfully requests the Court to enter an order: (a) authorizing the Debtor to pay Employee Obligations earned by any employees in the ordinary course of its business (if any are unpaid) as though no bankruptcy filing by the Debtor had occurred; (b) that the Debtor is authorized and directed to honor employee checks (assuming funds on deposit are sufficient) for Employee Obligations earned pre-petition that are

presented after the commencement of this Chapter 11 case; (c) that the Debtor may keep all of its pre-petition payroll accounts open for at least twenty (20) days; and, (d) for such other and further relief as the Court deems just and proper.

                                             Respectfully submitted by:
                                             STEFFES, VINGIELLO & MCKENZIE, L.L.C.
                                             13702 Coursey Boulevard
                                             Building 3
                                             Baton Rouge, Louisiana 70817
                                             Telephone: 225.751.1751
                                             Fax: 225.751.1998
                                             Email: *pgarrity@steffeslaw.com*

                                             By: s/ *Patrick S. Garrity*
                                             PATRICK S. GARRITY (#23744)