UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE

BELTWAY 8 ASSOCIATES, LP　　　　　　　　　　　　　　CASE NO. 11-10001

　　　　　　DEBTOR　　　　　　　　　　　　　　　　　CHAPTER 11

### ORDER APPROVING DISCLOSURE STATEMENT AND
### SETTING CONFIRMATION HEARING AND RELATED DEADLINES

Considering the debtor's April 4, 2011 disclosure statement (P-94), which was amended after a May 13, 2011 hearing, and the reasons orally assigned at the June 3, 2011 hearing on the amended disclosure statement (P-110),

IT IS ORDERED THAT:

#### 1. Approval of Disclosure Statement

The amended disclosure statement filed May 31, 2011 (P-110) is approved.

#### 2. Date of Hearing on Confirmation

A hearing on confirmation of the debtor's plan filed April 4, 2011 (P-93), is set for September 30, 2011 at 10:00 a.m.

#### 3. Deadline for Voting; Objections

Objections to the amended plan and supporting memoranda shall be filed no later than July 15, 2011 at 5:00 p.m.

Ballots accepting or rejecting the amended plan shall be filed no later than September 16, 2011 at 5:00 p.m.

**Untimely objections to confirmation, and objections without supporting memoranda, will not be considered at the confirmation hearing, absent court order for good cause.**

#### 4. Filing of Summary of Ballots and Ballots

The debtor shall file a summary of ballots indicating the number of ballots cast and percentage of ballots in favor of the plan, and copies of ballots, no later than September 23, 2011 at 12:00 noon local time.

### 5. Deadline for Filing Proofs of Claim and Certain Administrative Expense Applications

The deadline for filing proofs of claim previously set is maintained. Unless the plan provides otherwise, the deadline for filing motions for payment of administrative expenses will be set at the confirmation hearing.

### 6. Pre-Trial Order

Counsel for all parties shall confer **in person** (and not by telephone) promptly after discovery concludes, and in any event at least 30 days before the hearing, to reach all possible stipulations and to exchange exhibits that they intend to offer in evidence at the hearing. Debtor's counsel shall initiate the conference, and all other counsel shall cooperate in scheduling and concluding the conference. A party unable to obtain the cooperation of other counsel to schedule and complete the conference shall communicate with the court. At the conference counsel for the parties shall furnish a statement of the real issues each party will offer evidence to support, identifying in the statement contested issues of law and of fact. The parties shall eliminate any issues raised in the pleadings as to which no real controversy exists. **Debtor's counsel then shall prepare the pretrial order and submit it to opposing counsel for review and approval**.

All trial counsel shall sign the pretrial order which debtor shall electronically mail it to chambers. The judge shall sign the pretrial order if it complies with this order.

The pretrial order shall include:

a. The date and time of the hearing;

b. A realistic estimate of the time required for the hearing;

c. The appearance of counsel, identifying the party or parties represented;

d. A description of the parties and the legal relationships of all parties.

e. A statement that the proceeding is a "core" proceeding as described in 28 U.S.C. §157(b)(2)(H), and the court will render a final judgment under Federal Rule of Bankruptcy Procedure 7052 rather than issue proposed findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 9033.

f. A list and description of any pending or contemplated motions, and any special issues appropriate for determination in advance of trial.

g. A statement of all uncontested material facts. This list should be in a form suitable for inclusion in the court's findings of fact.

h. A list of findings of fact proposed by the debtor to which the other parties will not stipulate. This list should be in a form suitable for inclusion in the court's findings of fact.

i.  A list of findings of fact proposed by non-debtor parties to which the debtor will not stipulate. This list should be in a form suitable for inclusion in the court's findings of fact.

j.  A list of uncontested conclusions of law. This list should be in a form suitable for inclusion in the court's conclusions of law.

k.  A list of conclusions of law proposed by debtor that other parties contest. This list should be in a form suitable for inclusion in the court's conclusions of law.

l.  A list of conclusions of law proposed by other parties that debtor contests.  This list should be in a form suitable for inclusion in the court's conclusions of law.

m.  A statement that **discovery is complete**. Except for good cause, all discovery shall be completed before the discovery cutoff specified in this order. Except for good cause, the court will not grant extensions of discovery sought after the discovery cutoff.

n.  A complete list and description of every party's trial exhibits. All objections to the introduction of trial exhibits shall be set forth in the pretrial order. Any objections to the introduction of trial exhibits shall be deemed waived if they are not set forth in the pretrial order.

o.  A list of all deposition or other testimony to be offered into evidence at trial. Parties offering prior testimony shall identify the specific pages of transcripts being offered, if they intend to offer only parts of a complete transcript. A party objecting to the introduction of prior testimony shall identify the specific portions of the transcript to which it objects, and the specific basis for the objection. Objections to the introduction or prior testimony shall be deemed waived if they are not set forth in the pretrial order, except for objections to prior testimony used solely for impeachment.

p.  Witnesses:

(1)  A list of witnesses for each party, including the names, addresses, a statement of the general subject matter of their testimony, and identification of witnesses who **will** be called in the absence of reasonable notice to opposing counsel, and of those who **may** be called. Except for good cause, the court shall not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pretrial order.

(2)  The statement that "No further witnesses shall be added to the pretrial order except upon application to the court for good cause."  Once the judge has signed the pretrial order, the court shall not grant leave to add witnesses if doing so will deprive opposing parties of an opportunity to depose the witnesses, or otherwise delay the case unnecessarily. This restriction shall not apply to impeachment or rebuttal witnesses.

q.  The statement that "This pretrial order has been formulated after a conference at which counsel for the respective parties (or the parties if they are not represented by counsel)

have appeared **in person**. Reasonable opportunity has been afforded counsel for corrections or additions before signing. Hereafter, this order will control the course of the trial and shall not be amended except with consent of the parties and the court, or by court order to prevent manifest injustice."

    r.  A statement that counsel have conferred in good faith in an effort to settle the dispute without the necessity of a trial.

### 7.  Notice

The debtor must serve this order on all creditors and parties in interest no later than June 10, 2011, and supply copies of the amended plan, approved disclosure statement, and a form of ballot as required by Fed. R. Bankr. P. 3017(d), unless the court orders otherwise.

### 8. Other Provisions

IT IS FURTHER ORDERED that discovery shall have concluded no later than September 1, 2011.

IT IS FURTHER ORDERED that the parties file exhibit lists, exchange exhibits, and deliver three sets of copies of all lists and exhibits to Chambers, no later than September 23, 2011 at 12:00 noon. TRIAL EXHIBITS SHALL NOT BE FILED ELECTRONICALLY.

IT IS FURTHER ORDERED that any deadlines or other requirements in this order can be changed only by order of the court.

Baton Rouge, Louisiana, June 6, 2011.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE